UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PILOT TRAVEL CENTERS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**OVIE SERVICES, INC., SAMSON MCA LLC, PARKVIEW ADVANCE LLC, CITIZENS BANK N.A.,**<br><br>Defendants. | **2:25-CV-13113-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING INTERPLEADER PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (ECF NO. 13) AND FOR INTERPLEADER DEPOSIT (ECF NO. 18)** |

This action arises out of an actual controversy regarding entitlement to certain funds currently in the possession of Interpleader Plaintiff Pilot Travel Centers LLC ("Pilot") due to the competing claims from Interpleader Defendants Ovie Services Inc. ("Ovie"), Samson MCA LLC ("Samson"), Parkview Advance LLC ("Parkview"), and Citizens Bank N.A. ("Citizens").

Presently before the Court are Pilot's Motions for Default Judgment as to all Defendants (ECF No. 13) and for Interpleader Deposit (ECF No. 18). For the reasons that follow, Pilot's Motions for Default Judgment (ECF No. 13) and for Interpleader Deposit (ECF No. 18) will be **GRANTED**, and Defendant Ovie may move for disbursement and dismissal of this action within 28 days from the date of this Order.

## I.     BACKGROUND

Ovie is a commercial customer of Pilot that purchases over-the-road fuel from Pilot's travel center locations across the United States and Canada. Compl., ECF No. 1, PageID.3, ¶ 10. Ovie's customer relationship with Pilot is governed by a Direct Bill Purchase Agreement and related Credit Application. *Id.* at ¶ 11. Under the Agreement, Pilot extends credit to Ovie for such purchases and provides certain pricing discounts. *Id.* at ¶ 12. Some of those discounts are structured as rebates, whereby, if Ovie purchases a specified volume of fuel within a given month, Pilot may issue a rebate payment based on the amount of qualifying purchases. *Id.* at PageID.4, ¶ 13.

The Funds at issue in this interpleader action, totaling $59,271.52 (the "Funds"), represent such a rebate owed with respect to Ovie's transactions with Pilot. *Id.* at ¶ 14. Pilot makes no claim to the Funds. Id. at PageID.6, ¶ 26. But Defendants Samson, Parkview, and Citizens each provided notices to Pilot asserting competing interests in receivables owed to Ovie and made demand for remittance. *See id.* at PageID.4-6, ¶¶ 18-25. Pilot asserts it is unable to ascertain which of the adverse claimants is entitled to the Funds and faces the risk of multiple liability if it were to disburse the Funds to any claimant without judicial direction. *Id.* at PageID.6, ¶ 27.

Thus, on October 2, 2025, Pilot initiated this interpleader action against Ovie, Samson, Parkview, and Citizens Bank to deposit the Funds

with the Court and to be discharged from further liability under the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397, 2361. *See* ECF Nos 1, 13, and 18. The summons and complaint were personally served on all Defendants in October 2025, but each failed to timely plead or otherwise defend. *See* ECF Nos. 3, 4, 5, 7. As a result, an Entry of Default was entered as to all Defendants in November 2025, *see* ECF Nos. 8, 9, 10, 12, and Pilot filed the instant Motion for Default Judgment as to all Defendants on December 10, 2025. Defendant Ovie eventually filed an appearance (ECF No. 16), Pilot stipulated to set aside the entry of default as to Ovie only (ECF No. 20), and Ovie concurred with the relief requested in the Motion for Default Judgment, with the exception that Ovie requests that the remaining disputed funds be awarded to Ovie directly rather than deposited into the Court's registry. ECF No. 17.

## II.   LEGAL STANDARD

Default judgments are governed by Federal Rule of Civil Procedure 55. That rule contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend. First, a plaintiff must request from the Clerk of Court an entry of default. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). Default judgment is an appropriate remedy in interpleader actions when a "named interpleader defendant [ ] fails to answer

3

the interpleader complaint and assert a claim to the res." *Prudential Ins. Co. of Am. v. Amarante*, No. 18-CV-13618, 2019 WL 1397247, at \*2 (E.D. Mich. Mar. 28, 2019)(Levy, J.). The decision to grant a default judgment rests with the sound discretion of the district court. *Id.* (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)).

Before granting default judgment, the Court must verify that it has (1) subject-matter jurisdiction over the action, (2) personal jurisdiction over any defaulting defendant, and (3) whether the facts in the complaint state a claim for relief against the defaulting defendant. *See P&G Health & Longterm Disability Plan v. Hancock*, No. 1:25 CV-61, 2025 WL 2945124, at \*2 (S.D. Ohio Oct. 17, 2025) (citations omitted).

An interpleader action typically proceeds in two stages: first, the court determines "whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *United States v. High Tech. Prods.*, 497 F.3d 637, 641 (6th Cir. 2007). "'When the court decides that interpleader is available'— typically, at the conclusion of the first stage—'it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead.'" *Id.* (citation omitted). Second, the court may direct the claimants to interplead, in

4

order to determine "the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *Id.*

## III.   DISCUSSION

Pilot invokes statutory interpleader under the Federal Interpleader Act, 28 U.S.C. § 1335, and seeks a default judgment against Defendants Parkview, Samson, and Citizens Bank. *See* ECF No. 13.

### A. Default

Following service in October 2025, none of the interpleader defendants filed an appearance or answer to the interpleader complaint.[1] Pilot obtained Clerk's entries of default against them, and filed a Motion for Default Judgment in December 2025. While Defendant Ovie eventually filed an appearance and a Response to the pending Motion for Default Judgment, and Pilot agreed to set aside the entry of default as to Ovie only (ECF No. 20), Parkview, Samson, and Citizens have yet to file an appearance, answer, response to the instant motion, or otherwise defend their interest in the Funds. Accordingly, default judgment against Parkview, Samson, and Citizens Bank is warranted.

---

[1] Parkview was served though its CFO Alex Figueroa at their business address 600 Summer Street in Stamford, Connecticut. ECF No. 5, PageID.89. Samson was served through its authorized agent at 418 Broadway, Suite N, in Albany, New York. ECF No. 4, PageID.88. Citizens Bank was served through its Resident Agent at 3410 Belle Chase Way, Suite 600, in Lansing, Michigan. ECF No. 3, PageID.87.

**B. Jurisdiction**

But before granting default judgment, the Court must verify that it has subject-matter and personal jurisdiction over the defaulting defendants. To satisfy jurisdiction under 28 U.S.C. § 1335, an interpleader plaintiff must plead: "(1) the existence of actual or potential conflicting claims to a limited fund or property held by the stakeholder; (2) an amount in controversy of at least $500; and (3) minimal diversity among the competing claimants." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 356 (6th Cir. 2018) (citations omitted). In addition, the action should be brought in a judicial district in which one or more of the claimants reside pursuant to 28 U.S.C. § 1397. Here, the complaint alleges the existence of an actual dispute between Ovie, Samson, Parkview, and Citizens Bank regarding the rebate amount currently held by Pilot, a neutral stakeholder. *See* Compl., ECF No. 1, PageID.4-6, ¶¶ 16-26. The complaint also alleges that the disputed funds amount to $59,271.52, *id.* at ¶ 14, which satisfies the statutory $500 amount-in-controversy minimum requirement. Moreover, the complaint alleges that the four claimants are of diverse citizenship: Ovie is a Michigan corporation with a business address at 46450 Erb Drive in Macomb, *id.* at ¶ 3, Samson is a New York limited liability company with a business address in New York, *id.* at ¶ 4, Parkview is a Connecticut limited liability company with a business address in Connecticut, *id.* at ¶ 5, and Citizens Bank is a national banking association which conducts business

6

in Michigan and has a business address in Rhode Island, *id.* at ¶ 6. Finally, the interpleader action has been filed in the Eastern District of Michigan in which Ovie, one of the claimants, resides. Therefore, Pilot properly invoked statutory interpleader jurisdiction pursuant to 28 U.S.C. §§ 1335 and 1397.

### C. Interpleader Relief

While Ovie mostly concurs with the interpleader relief sought in the Motion for Default Judgment, the Court must verify that the facts in the complaint state a claim for interpleader relief against the defaulting claimants. In other words, the Court must determine whether Pilot "is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *High Tech. Prods.*, 497 F.3d at 641. "The primary test . . . is whether the stakeholder legitimately fears multiple vexation directed against a single fund or property." *Id.* Here, because the four interpleader defendants' claims regarding the Funds are adverse and unresolved, Pilot cannot disburse the Funds to one claimant without risking "double or multiple liability" from accusations by the other claimants who have made demands for the Funds. Pilot is a disinterested stakeholder who asserts no claim to the Disputed Funds, *see* Compl., ECF No. 1, ¶ 27 ("Pilot makes no claim to the Funds and is a neutral stakeholder."), is prepared to deposit them with the Court, and has "no interest in which of the competing claimants receives the fund." *See Est. of Robert Budinski v. AAA Life Ins. Co.,* No.

2:25-CV-10964-TGB-EAS, 2026 WL 1549202, at *4 (E.D. Mich. June 2, 2026); *see also Ohio CVS Stores, LLC v. Kassover*, 2025 U.S. Dist. LEXIS 103063, *23-25 (S.D. Ohio May 30, 2025) (finding that interpleader plaintiff was a "disinterested stakeholder that 'faces the legitimate fear of multiple accusations of liability if it pays one of the Defendants,'" because there were "competing claims" as to "rent payments" and the plaintiff "claim[ed] no interest in those funds").

Therefore, interpleader relief against the defaulting claimants is available. Upon deposit of the disputed interpleaded property, when the stakeholder is disinterested, the Court "may issue an order discharging the stakeholder, . . . enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead." *High Tech. Prods.*, 497 F.3d at 641 (citation omitted). The Court may also award an interpleading party attorneys' fees and costs when the party "is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Holmes v. Artists Rights Enf't. Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005). Pilot seeks an order (1) entering default judgment in favor of Pilot and against Samson, Parkview, and Citizens, (2) authorizing Pilot to deposit the interpleaded funds into the Court's registry, (3) awarding Pilot its reasonable attorneys' fees and costs, (4) discharging Pilot from any further liability

8

to the defendants regarding the interpleaded funds, and (5) dismissing Pilot with prejudice from this matter. ECF Nos. 1, 13, and 18.

### 1. Interpleader Deposit

While Ovie mostly concurs with the relief sought in Pilot's Motion for Default Judgment, Ovie requests in its Response that the Funds be disbursed directly to it rather than to the Court's registry. ECF No. 17.

"In a typical interpleader action, a disinterested stakeholder would deposit with the court the fund or property at issue and be discharged from further liability during the first stage of the action, before the court determined the relative possessory and ownership rights of the parties and distributed the fund or property." *High Tech. Prods.*, 497 F.3d at 641 n.2. In fact, following the court-ordered deposit of the funds into the Court's registry and the discharge of the interpleader plaintiff, the Court would direct the claimants to interplead to determine their respective rights to the Funds. *Id.* at 641.

But the default of interpleader defendants "expedite[s the interpleader action]'s conclusion by obviating the normal second stage," in which adverse claimants' rights to the fund are settled. *New York Life Insurance Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir. 1983). That is because "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Amarante*, 2019 WL 1397247, at *2 (quotations and citation omitted); *see also Est. of*

9

*Budinski*, 2026 WL 1549202, at *3 ("By defaulting, they have forfeited their right to pursue an interest in the Funds."). And "[i]f only one interpleader defendant remains following the default of another defendant, the remaining defendant is entitled to the fund." *Est. of Budinski*, 2026 WL 1549202, at *2 (citation omitted); *see also Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("[I]f all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."). Thus, when the interpleaded funds have already been deposited into the Court's registry, "cross bill against the defendants in default" are not "necessary." *McNamara v. Provident Sav. Life Assurance Soc'y of N.Y.*, 114 F. 910, 913 (5th Cir. 1902) ("If one defendant in a bill of interpleader establishes his title and the other makes default, the court will decree payment to the former, and a perpetual injunction against the latter."). That is particularly true when the amount of the Funds is undisputed, as here. *See Amarante*, 2019 WL 1397247, at *2 (citing Fed. R. Civ. P. 55(b)(2)(A)).

Although such disbursement appears logical, the problem in doing so directly here is that depositing the Funds into the Court's registry or otherwise providing surety appears to be a prerequisite to interpleader relief under 28 U.S.C. § 1335. Section 1335 provides that the Court can order interpleader relief:

> [I]f (2) the *plaintiff has deposited such money* or property or has paid the amount of or the loan or other value of such

> instrument or the amount due under such obligation *into the*
> *registry of the court, there to abide the judgment of the court*,
> or has given bond payable to the clerk of the court in such
> amount and with such surety as the court or judge may deem
> proper, conditioned upon the compliance by the plaintiff with
> the future order or judgment of the court with respect to the
> subject matter of the controversy.

28 U.S.C. § 1335(a)(2). Furthermore, the interpleader plaintiff needs a court order to deposit funds into the Court's registry in the first place. *See* Fed. R. Civ. Proc. 67(a) ("The depositing party must deliver to the clerk a copy of the order permitting deposit."). Therefore, the Court must order the interpleader deposit before it can order interpleader relief.

When the interpleaded funds have not yet been deposited into the Court's registry, courts usually order the deposit and provide for disbursement at a later time. *See, e.g., Est. of Budinski*, 2026 WL 1549202, at *5 ("[U]pon deposit of the Death Benefit . . ., the Estate . . . may move for disbursement and dismissal of this action within 21 days[.]"). While courts have bypassed the deposit requirement upon the interpleader plaintiff's motion to deliver the funds to the only interpleader defendant who has appeared and is entitled to the funds rather than deposit the funds into the registry of the court, Pilot has not so moved the Court. *See, e.g., Meta Athlete, Inc.*, 2024 WL 948005, at *3 (ordering plaintiff to deliver the funds to the only interpleader defendant who has appeared and is entitled to the funds "[r]ather than deposit the funds into the registry of the Court" where plaintiff moved to interplead

11

the restrained funds into the court registry "or, in the alternative, to deliver" them to the remaining claimant).

Therefore, the Court will **GRANT** Plaintiff's Motion for Interpleader Deposit Into the Court's Registry (ECF No. 18). Pilot will be ordered to deposit the remainder of the Funds, as explained below, with the Clerk of the Court within fourteen (14) days from the date of this Order. After Pilot's deposit of the Funds in accordance with this Order, Ovie may move for disbursement and dismissal of this action within twenty-eight (28) days from the date of this Order.

### 2. Attorneys' Fees

Finally, while Ovie concurred with Pilot's request for attorneys' fees and costs, which are typically paid from the interpleader fund, "it is at the discretion of the Court to determine what award is appropriate." *Holmes*, 148 F. App'x at 259 ("The only limiting principle is reasonableness[.]"). Here, while Pilot is a disinterested stakeholder that asserts no claim to the Funds, has conceded its liability to pay the rebate, seeks to deposit the Funds into the Court's registry, and has sought a discharge from liability, *see id.*, Pilot's request for attorneys' fees and costs in the amount of $6,297.00 lacks sufficient evidentiary support at this time.

In Pilot's first affidavit, attached to the motion for Default Judgment filed on December 10, 2025, Pilot alleged it had incurred attorneys' fees in the amount of $2,332.50 and costs in the amount of

$841.00 for a total of $3,173.50. ECF No. 13-2, PageID.116. The first affidavit also specified that a total number of 9.3 hours had been spent pursuing judgment against the defendants at an hourly rate of $225.00. *Id*. But in a later affidavit, attached to the Motion for Interpleader Deposit filed on May 22, 2026, Pilot alleges that it had incurred attorneys' fees in the amount of $4,965.00 and costs in the amount of $1,332.00 for a total of $6,297.00. ECF No. 18-1, PageID.145. Unlike the first affidavit, the second affidavit failed to provide even an estimate of the hours expended or hourly rate, or what additional costs were borne between those five months. It only indicated that the "current charges are based upon hourly billing records created contemporaneously with the rendering of legal services," without providing such records to the Court.

After reviewing the docket, it appears that the bulk of Pilot's work related to the interpleader complaint, service, and default judgment occurred before December 2025, when the first affidavit was filed and the attorneys' fees were $2,332.50 plus $841 in costs. Between December 2025 and May 2026, when the second affidavit was filed, the only docket activity includes Ovie's Response that mostly concurs with the relief Pilot sought in the Motion for Default Judgment, and Pilot's unopposed Motion for Interpleader Deposit which mainly repeats the arguments of the Motion for Default Judgment. *See* ECF Nos. 17 and 18. Yet the additional attorneys' fees amount to another $2,632.50, with additional costs of $491. It does not appear reasonable, on this record, that the litigation

costs would double for that additional work, and no additional documentation has been provided by Pilot showing the additional hours expended or what work was done to justify the increased award. Accordingly, the Court will partially grant the request in the amount of $2,332.50 in fees and $841 in costs—the fees and costs that were properly included in the first affidavit. Because some additional attorneys' fees and costs must have been incurred in connection with the legal work between December 2025 and May 2026, the Court will award an additional $1,000 in attorney fees and $100 in costs, resulting in a total award of fees and costs of $4,273.50.

## IV.  CONCLUSION

For the reasons stated above, Pilot's unopposed Motions for Default Judgment against Parkview, Samson, and Citizens Bank (ECF No. 13) and Interpleader Deposit (ECF No. 18) are **GRANTED**.

Accordingly, the Court enters default judgment in favor of Pilot and against Parkview, Samson, and Citizens Bank.

**IT IS FURTHER ORDERED** that Pilot is awarded its reasonable and necessary attorneys' fees and costs in the amount of $4,273.50, to be withheld from the Funds before depositing the Funds to the registry of the Court.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1335, Pilot must deposit the remainder of the Funds, $54,998.02, with the Clerk of the Court **within fourteen (14) days** from the date of this

Order. The Clerk shall deposit the Funds into an interest-bearing account in the Registry of this Court. The Funds shall remain on deposit until further order of this Court. The Clerk shall deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2361, and upon deposit of the Funds in accordance with this Order, Pilot is hereby **DISCHARGED** from further liability to all Defendants relating to the distribution of the Funds at issue in this interpleader action, Defendants are hereby **ENJOINED** from instituting or prosecuting any proceeding in any State or United States court affecting the Funds until further order of the Court, and any and all claims, demands, debts, or causes of action arising out of or relating to the Funds that could have been asserted herein against Pilot by the parties are hereby **DISMISSED WITH PREJUDICE**.

Finally, **IT IS FURTHER ORDERED** that upon deposit of the Funds, Ovie may move for disbursement and dismissal of this action **within twenty-eight (28) days** from the date of this Order.

This is not a final order and does not close the case.

**SO ORDERED**.

Dated: June 23, 2026       /s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT COURT